IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30587

_____

DOBIE GILLIS WILLIAMS

      Petitioner, Appellee

v.

BURL CAIN, Warden

      Respondent, Appellant.

_____

Appeal from the United States District Court for the
Western District of Louisiana

_____

June 16, 1998

Before JOLLY and BENAVIDES, Circuit Judges*

In this death penalty case, Burl Cain, Warden for the Louisiana State Penitentiary, appeals the entry of a stay of execution by the district court pending disposition of a petition for writ of certiorari in the United States Supreme Court. Finding that the district court lacked jurisdiction to enter this order, we reverse and grant the State of Louisiana's motion to vacate the stay.

_____

*This matter is being decided by a quorum, 28 U.S.C. 46(d).

I

In 1985, Dobie Gillis Williams was found guilty of first degree murder in Louisiana state court and sentenced to death. After exhausting his state court remedies, Williams filed a petition for writ of habeas corpus in the United States District Court for the Western District of Louisiana. On October 9, 1996, District Judge Little granted the writ, see Williams v. Cain, 942 F. Supp. 1088 (W.D. La. 1996), from which final decision Cain timely appealed. On October 3, 1997, this court reversed the judgment of the district court and reinstated Williams's death sentence. See Williams v. Cain, 125 F.3d 269 (5th Cir. 1997). Following an unsuccessful petition for rehearing and rehearing en banc, the mandate issued on April 24, 1998, which gave Williams until July 23 to file a petition for writ of certiorari in the United States Supreme Court.

Apparently seeking to force a quick disposition, on May 14, the State of Louisiana obtained a new execution date of June 18 from a Louisiana state court. The record before us indicates that the new date was obtained without prior notice to Williams's attorney, who promptly moved the state court for a renewed stay pending disposition of an anticipated petition for writ of certiorari. On June 3, Judge Wright of the 35th Judicial District responded, stating that "[t]he above requested stay order is denied. Counsel for defendant have not applied for a stay order with the Supreme Court and have not filed an appeal with the Supreme Court."

II

2

His state remedies again exhausted, Williams returned to federal court. On June 8, he filed a petition for a stay of execution in the United States District Court for the Western District of Louisiana. On June 11, District Judge Little granted the stay pending disposition of Williams's still unfiled petition for writ of certiorari, relying on the relaxed jurisdictional requirement for pro se habeas petitions enunciated in McFarland v. Scott, 512 U.S. 849 (1994). Cain noticed his appeal of this order exactly one day later, appending thereto a motion by the State of Louisiana to vacate the stay.

III

Under 28 U.S.C. § 2251, it is quite clear that only "[a] Justice or Judge of the United States before whom a habeas petition is pending, may . . . stay a[] proceeding against the person detained." Although the Supreme Court broadened the scope of § 2251 somewhat in McFarland, that case is inapposite to the one before us. Contrary to the district court's broad reading, McFarland simply held "that a capital defendant may invoke his right to a counseled federal habeas corpus proceeding by filing a motion requesting the appointment of habeas counsel, and that a district court has jurisdiction to enter a stay of execution where necessary to give effect to that statutory right." 512 U.S. at 859. Obviously, the McFarland rule, which is concerned with effectuating the petitioner's right to file for habeas in the district court in the first instance, has nothing to say about the jurisdiction of that court to enter a stay pending disposition of

3

certiorari when the habeas petition has already been ruled on, the appellate mandate has issued, and the case is no longer before the court in any fashion. In that instance, the only reasonable analysis is that the habeas petition is no longer pending before the district court, and the court therefore lacks jurisdiction to enter a stay under the clear terms of the statute. We note in passing that this conclusion accords with the Sixth Circuit's reading of § 2251 in Steffen v. Tate, 39 F.3d 622 (6th Cir. 1994) (Boggs, J.) (concluding that district court had no jurisdiction to enter stay of execution pending disposition of additional state court remedies where defendant was represented and no habeas petition was pending).

IV

Judge Wright called this case correctly at the outset. When a petitioner seeks a stay of execution pending the disposition of a writ of certiorari in the United States Supreme Court, he should seek that stay in the Supreme Court itself.[1] The district court lacks the ability to give it under 28 U.S.C. § 2251, and we accordingly REVERSE the order of the district court in this case, and GRANT the State of Louisiana's motion to vacate the stay.

STAY OF EXECUTION VACATED.

---

[1]Or, in limited circumstances, from the circuit court as a part of the disposition of his appeal. See, e.g., Maggio v. Williams, 464 U.S. 46, 48 (1983).

4