IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10878
_____


DELBERT BOYD TEAGUE, JR.,

Petitioner-Appellant,


versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellee.


------------------------
Appeal from the United States District Court for the
Northern District of Texas, Fort Worth
------------------------
August 14, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

BY THE COURT:

Delbert Boyd Teague, a Texas death penalty candidate, has moved this court to stay his execution, currently scheduled for September 9, 1998, pending disposition of a petition for writ of certiorari in the United States Supreme Court. Lacking jurisdiction to enter such an order, we dismiss Teague's motion.

In Teague v. Johnson, No. 97-10878 (5th Cir. Apr. 30, 1998) (unpublished), we affirmed the district court's denial of Teague's petition for a writ of habeas corpus. The appellate mandate issued

on May 22.  Pursuant to 28 U.S.C. § 2251, only "[a] Justice or Judge of the United States before whom a habeas petition is pending, may . . . stay a[] proceeding against the person detained."  As we recently attempted to make clear, see Williams v. Cain, 143 F.3d 949, 950 & n.1 (5th Cir.), cert. denied, 118 S.Ct. 2338 (1998), once the appellate mandate issues, a habeas petition is no longer pending before the court of appeals, and we have no jurisdiction to stay proceedings under § 2251.  In this situation, if a petitioner desires a stay of execution pending disposition of a writ of certiorari in the United States Supreme Court, he simply must seek that stay in the Supreme Court itself.  Id.

MOTION DISMISSED.