# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-70019

MICHAEL ROSALES,

Petitioner-Appellant,

v.

NATHANIEL QUARTERMAN, Director, Texas Department of Criminal
Justice, Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CV-00084

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Michael Rosales moves this court for a certificate of appealability ('COA") on four issues. First, he contends that a COA should be granted on whether the district court improperly applied the standards that govern the determination of mental retardation. Second, he argues that a COA should be granted on whether the district court erred in denying his claim of mental retardation. Third, he argues that a COA should be granted on whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erroneously relied on the testimony presented by Respondent-Appellee Nathaniel Quarterman's ("Respondent") expert witness. Finally, he contends that a COA should be granted on whether the district court improperly applied the standards that govern the compensation of counsel. For the following reasons, we DENY Rosales' motion for COA with regard to all but his mental retardation claim, with regard to which we GRANT his motion for COA but AFFIRM the district court's dismissal on the merits.

I.

In May 1998, Rosales was convicted and sentenced to death for the murder of Mary Felder, which occurred during the course of a burglary or robbery. On direct appeal, Rosales' conviction and sentence was affirmed by the Texas Court of Criminal Appeals ("TCCA"); the United States Supreme Court denied certiorari review. Rosales also sought state and federal habeas relief, both of which were denied. On April 7, 2004, less than one week before his scheduled execution, Rosales filed a successive state habeas application arguing that he is mentally retarded and thus his execution is barred by Atkins v. Virginia, 536 U.S. 304 (2002). He attached affidavits from James R. Patton, Ed.D.; Dr. Ruth Luckasson, a professor at the University of New Mexico; Leo Mills, an investigator employed with the Colorado State Public Defenders Office; and Meghan Fruska, an investigator.

On April 12, 2004, one day before his scheduled execution, the TCCA held that Rosales' application failed to "set out sufficient facts to raise a bona fide claim under Atkins" and therefore dismissed his application as an abuse of the writ and denied his motion for a stay of execution. Ex parte Rosales, No. 55, 761-02 (Tex. Crim App. 2004). That same day, Rosales filed a petition for writ of certiorari at the United States Supreme Court as well as a motion requesting a stay of execution and authorization to file a successive petition for writ of habeas corpus in this court. While the Supreme Court denied his petition on May 17,

2004, this court had already granted his request for a stay of execution as well as his motion for leave to file a successive petition on April 13, 2004 . On April 15, 2004, Rosales filed a motion in federal district court requesting the appointment of counsel, permission to proceed in forma pauperis, permission to file a skeletal petition, and expenses to retain an investigator and a mental health expert. The motion was granted on April 22, 2004. On May 21, 2004, Rosales filed his amended petition and attached affidavits or declarations from eleven different witnesses, including: an affidavit from Dr. Susana A. Rosin, an amended affidavit of Dr. Patton, and declarations from Rosales' siblings and former teachers.

The district court conducted an evidentiary hearing on October 28-29 and November 3, 2004; both Rosales and Respondent appeared and presented witnesses. Rosales presented the testimony of Dr. Susana A. Rosin, a Houston-based psychologist, who had administered a number of tests to assess Rosales' intelligence, including the Wechsler Adult Intelligence Scale III ("WAIS-III"), the most up-to-date intelligence assessment available. She explained that according to that test his I.Q. is 61. She also administered the Wise Range Achievement Test in order to determine the consistency of Rosales' effort, and testified that she did not believe that his I.Q. score was the result of malingering on his part. Rosales' sister and older brother testified to their brother's inability to effectively take care of himself when he was growing up; for example, they highlighted that he would have to be constantly reminded to take showers and change his clothes. They also explained that he did very poorly in school, that he was often very irresponsible with money, and that he was easily pressured by his friends. Rosales also submitted declarations prepared by other family members, former teachers, and former employers. Additionally, Rosales submitted a sworn affidavit from Dr. Patton. In his affidavit, Dr. Patton explained that after reviewing Dr. Rosin's test reports and the affidavits from Rosales' family

members and former teachers, he concluded, in his professional opinion, that "sufficient data exist[ed] to support a claim that Mr. Rosales is mentally retarded."

Respondent presented the expert testimony of Dr. Roger Saunders, a clinical psychologist licensed in the State of Texas, who had interviewed and tested Rosales over a ten-hour period. Dr. Saunders challenged Rosales' I.Q. score of 61—he attributed the low score to malingering—and noted that Rosales' I.Q. score from a test administered pre-Atkins was 82. Dr. Saunders also determined that much of Rosales' abnormal behavior as a child was likely attributable to conduct disorder and not mental retardation. Additionally, Respondent presented the testimony of a number of police officers and prison guards, who spoke to Rosales' ability to function at a fairly high level (e.g., checking books out from the library). Respondent also presented the testimony of former employers of Rosales who presented similar testimony.

The district court denied Rosales' claim for habeas relief. First, the court concluded that the TCCA dismissal of Rosales' state application for "failure to set out sufficient facts to raise a bona fide claim under Atkins" was an adjudication on the merits, and accordingly AEDPA's deferential standard of review applied. The district court concluded that since the only evidence Rosales presented to the state court in support of his Atkins claim was a statement that he had scored 73 on an I.Q. test that was administered in January 2004 as well as conclusory declarations that Rosales was possibly mentally retarded, the TCCA's decision was "neither contrary to nor an unreasonable application of Supreme Court law and certainly did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Second, the district court wrote that even assuming arguendo that Rosales is entitled to de novo review under AEDPA, his claim would still fail because the evidence he presented did not satisfy the three

American Association on Mental Retardation (AAMR) standards: (1) "significantly subaverage" general intellectual functioning, usually defined as an I.Q. of about 70 or below; (2) accompanied by "related" limitations in adaptive functioning; (3) the onset of which occurs prior to the age of 18.

## II.

A petitioner seeking a COA only needs to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The Supreme Court has explained that courts of appeals are forbidden from conducting full-fledged reviews of petitioner's claims during COA determinations; the issue for the court of appeals to decide is whether the district court's resolution of the petitioner's constitutional claims is "debatable amongst jurists of reason." Miller-El, 537 U.S. at 336-37 ("When a court of appeals side steps this process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction."). Accordingly, while a "COA does not require a showing that the appeal will succeed. . . . A prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." Id. at 337-38.

## III.

First, Rosales argues that a COA should be granted on whether the district court erred by not properly analyzing his claim under the standards for mental retardation laid out by the American Association of Intellectual and Developmental Disabilities (AAIDD), formerly known as the AAMR. According

to Rosales, the district court focused on issues that have little relevance under the AAIDD standards. For example, Rosales asserts that the district court relied heavily on evidence relating to Rosales' performance while he was incarcerated even though the AAIDD standards admit that people with mental retardation can improve their functioning.

In Atkins, the Supreme Court left "to the State[s] the task of developing appropriate ways to enforce the constitutional restriction upon its execution of sentences." 537 U.S. at 317. The Court did cite with approval the definitions of mental retardation supplied by the American Psychiatric Association and the AAMR. Id. at 309 n.3 & 317 n.22. As far as the latter is concerned, the Supreme Court explained:

> The American Association of Mental Retardation (AAMR) defines mental retardation as follows: "Mental retardation refers to substantial limitations in present functioning. It is characterized by significantly subaverage intellectual functioning, existing concurrently with related limitations in two or more of the following applicable adaptive skill areas: communication, self-care, home living, social skills, community use, self-direction, health and safety, functional academics, leisure, and work. Mental retardation manifests before age 18."

Id. at 309 n.3 (internal citations omitted). In Ex parte Briseno, 135 S.W.3d 1 (Tex. Crim. App. 2004), the TCCA explained that "[u]ntil the Texas legislature provides an alternate statutory definition of 'mental retardation' for use in capital sentencing, we will follow the AAMR or [the Tex. Health & Safety Code] § 591.003(13) criteria in addressing Atkins mental-retardation claims." 135 S.W.3d 1, 8 (Tex. Crim. App. 2008).[1] In Briseno, the TCCA also laid out a number of guidelines that courts can consider when making mental retardation determinations. Id. at 8-9. This court has repeatedly approved the use of the

---

[1] The standards for determination mental retardation under that Texas statutory provision is nearly identical to the AAMR standard.

framework laid out in Briseno. See, e.g., Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006); In re Hearn, 418 F.3d 444, 446-47 (5th Cir. 2005). Here, the district court followed the case law and carefully and thoughtfully applied the three AAMR factors as well as the applicable Briseno guidelines. Rosales' contention that the district court improperly applied the standards is without merit as he has failed to cite to any applicable case law, much less offer any credible arguments to support his position. Accordingly, Rosales has failed to demonstrate that he is entitled to a COA on this issue.

Next, Rosales argues that a COA should be granted on whether the district court erred by denying his claim of mental retardation. Proceeding with an abundance of caution, we grant Rosales' motion for COA as to this issue, acknowledging that it is "debatable amongst jurists of reason" whether the district court properly resolved this constitutional claim. We now turn to a review of the merits of this claim. As an initial matter we conclude that AEDPA's deferential standard of review applies in this case. This court has previously held that when the TCCA dismisses a case for failure to "set out sufficient facts to raise a bona fide claim under Atkins" such a decision qualifies as a dismissal on the merits. See Rivera v. Quarterman, 505 F.3d 349, 355-56 (5th Cir. 2007). Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief on any of his claims that were adjudicated on the merits in the state-court proceedings unless the adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Here, Rosales' evidence of mental retardation before the TCCA was sparse: he did not present an I.Q. score near or below 70, nor did he present any concrete

evidence of adaptive behavioral deficits that had onset before the age of 18. He has failed to raise the possibility that the TCCA's dismissal of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d). Further, even assuming arguendo that Rosales had satisfied the stringent requirements of § 2254(d), his claim would still fail as we conclude, having reviewed the evidence presented before the district court, that he has not demonstrated that he is mentally retarded. Accordingly, we affirm the district court's dismissal of this claim.

Finally, we deny Rosales' request for COA on his two remaining claims—whether the district court erroneously relied on the testimony presented by Respondent's expert witness and whether that court improperly applied the standards that govern the compensation of counsel—because he has failed to demonstrate how these claims sufficiently implicate constitutional concerns. See 28 U.S.C. § 2253(c)(2) (explaining that a petitioner seeking a COA needs to demonstrate "a substantial showing of the denial of a constitutional right.").

IV.

For the foregoing reasons, we DENY Rosales' motion for COA with regard to all but his mental retardation claim, with regard to which we GRANT his motion for COA but AFFIRM the district court's dismissal on the merits.