# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-70013

MICHAEL ROSALES

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:

Petitioner Michael Rosales is scheduled to be executed Wednesday, April 15, 2009. On April 8, 2009, he filed motions in the Northern District of Texas for appointment of counsel to assist in clemency proceedings and for a stay of his execution. Rosales appeals the district court's denial of both motions for stay of execution and for appointment of counsel, asking us to reverse and to grant the motions. For the reasons set forth below, we AFFIRM the judgment of the district court.

## I.  BACKGROUND

The procedural history of Rosales's case is as follows:

> In May 1998, Rosales was convicted and sentenced to death for the murder of Mary Felder, which occurred during the course of a burglary or robbery.  On direct appeal, Rosales' conviction and sentence w[ere] affirmed by the Texas Court of Criminal Appeals ("TCCA"); the United States Supreme Court denied certiorari review. Rosales also sought state and federal habeas relief, both of which were denied. On April 7, 2004, less than one week before his scheduled execution, Rosales filed a successive state habeas application arguing that he is mentally retarded and thus his execution is barred by *Atkins v. Virginia*, 536 U.S. 304 (2002). . . .

> On April 12, 2004, one day before his scheduled execution, the TCCA held that Rosales' application failed to "set out sufficient facts to raise a bona fide claim under *Atkins*" and therefore dismissed his application as an abuse of the writ and denied his motion for a stay of execution. *Ex parte Rosales*, No. 55, 761-02 (Tex. Crim App.2004). That same day, Rosales filed a petition for writ of certiorari at the United States Supreme Court as well as a motion requesting a stay of execution and authorization to file a successive petition for writ of habeas corpus in this court.  While the Supreme Court denied his petition on May 17, 2004, this court had already granted his request for a stay of execution as well as his motion for leave to file a successive petition on April 13, 2004. On April 15, 2004, Rosales filed a motion in federal district court requesting the appointment of counsel, permission to proceed *in forma pauperis*, permission to file a skeletal petition, and expenses to retain an investigator and a mental health expert. The motion was granted on April 22, 2004. On May 21, 2004, Rosales filed his amended petition and attached affidavits or declarations from eleven different witnesses. . . .

*Rosales v. Quarterman*, 291 F. App'x 558, 559-60 (5th Cir. 2008).  After conducting an evidentiary hearing, the district court denied Rosales's petition. Rosales then moved this court for a COA.  On August 19, 2008, this court

granted Rosales a COA as to his *Atkins* claim out of "an abundance of caution." *Id.* at 562. The court concomitantly affirmed the district court judgment dismissing that claim. *Id.* at 563. The Supreme Court denied Rosales's petition for certiorari on February 23, 2009. *Rosales v. Quarterman*, 129 S.Ct. 1317 (2009).

After the denial of certiorari, the presiding judge of the 364th Judicial District Court of Lubbock County, Texas, scheduled Rosales's execution for Wednesday, April 15, 2009. Therefore, under Texas law, any application that Rosales sought to make to the Texas Board of Pardons and Paroles Clemency Section ("Clemency Board") was due no later than March 25, 2009. *See* 37 Tex. Admin. Code §§ 143.43(a) (requiring the written application on behalf of a convicted person seeking recommendation of a *reprieve from execution* to be delivered to the Clemency Board no later than twenty-one calendar days before the execution date), 143.57(b) (requiring the written application on behalf of a convicted person seeking recommendation of *commutation of death penalty to lesser penalty* to be delivered to the Clemency Board no later than twenty-one calendar days before the execution date).

Rosales did not file an application with the Clemency Board for either a reprieve of execution or commutation of his death penalty prior to the deadline, nor does the record indicate that he has made any such request or filing to date.

On Wednesday, April 8, 2009, Rosales filed motions for appointment of counsel and for stay of execution in federal district court, and the State filed its opposition to both. The same day, in a single-paragraph opinion, the district court stated that Rosales's motion should be denied "in all things," and cited to *Harbison v. Bell*, — S.Ct. —, No. 07-8521, 2009 WL 838173, at *4 (Apr. 1, 2009), which quotes the statutory language from 18 U.S.C. § 3599(e): "once federally

funded counsel is appointed to represent a state prisoner in § 2254 proceedings, she 'shall also represent the defendant in such . . . proceedings for executive or other clemency **as may be available** to the defendant'" (emphasis added by district court). Although the district court did not elaborate on its reasoning, presumably the emphasis on "as may be available" indicates that the motions were denied because the court concluded that state clemency relief was no longer available because Rosales's deadline to file an application with the Clemency Board had passed.

On April 9, 2009, Rosales appealed, and the parties completed their briefing the next day.

## II. DISCUSSION

### A. Application for Stay of Execution

Rosales argues that the district court has the power to stay his execution to allow his new counsel time to prepare and make a filing with the Clemency Board under *McFarland v. Scott*, 512 U.S. 849, 857-58 (1994). However, *McFarland* does not grant the district court or this court greater authority to stay an execution than is found in the statutory language of 28 U.S.C. § 2251, and Rosales's reliance on the case for a broad reading of the district court's power to issue a stay is misplaced.

"Federal courts cannot enjoin state-court proceedings unless the intervention is authorized expressly by federal statute or falls under one of two other exceptions to the Anti-Injunction Act." *McFarland*, 512 U.S. at 857. However, "[t]he federal habeas corpus statute grants any federal judge 'before whom a *habeas corpus proceeding is pending*' power to stay a state-court action "for any matter involved in the habeas corpus proceeding." *Id.* (quoting § 2251) (emphasis added); *see also Williams v. Cain*, 143 F.3d 949, 950 (5th Cir. 1998).

The power to issue a stay of execution comes from § 2251, and the question is whether there is a pending or potential habeas corpus proceeding before the court. *See Teague v. Johnson*, 151 F.3d 291 (5th Cir. 1998) ("once the appellate mandate issues, a habeas petition is no longer pending before the court of appeals, and we have no jurisdiction to stay proceedings under § 2251"); *Williams*, 143 F.3d at 950 (holding district court has no power under § 2251 to stay execution when there is no pending habeas proceeding); *see also Howard v. Dretke*, 157 F. App'x 667, 570-72 (5th Cir. 2005) (unpublished) (holding both the district court and this court lacked jurisdiction to grant stay of execution in conjunction with motion for appointment of counsel that was not tied to pending or proposed habeas proceeding in the district court, relying on the language of § 2251, *Williams*, and *Teague*). There is no dispute in this matter that no habeas petition remains pending in the federal courts. Therefore, both the district court and this court are without jurisdiction to enter a stay of execution.

## B. Motion for Appointment of Counsel

Rosales argues that he is entitled to appointed counsel to investigate and present his argument for clemency to the Clemency Board, pursuant to the recent holding of the United States Supreme Court in *Harbison v. Bell*, — S.Ct. —, No. 07-8521, 2009 WL 838173 (Apr. 1, 2009). In *Harbison*, the Supreme Court announced that 18 U.S.C. § 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation.

> [O]nce federally funded counsel is appointed to represent a state prisoner in § 2254 proceedings, she "shall also represent the defendant in such . . . proceedings for executive or other clemency as may be available to that defendant." § 3599(e). Because state clemency proceedings are "available" to state petitioners who obtain representation pursuant to subsection (a)(2), the statutory language indicates that appointed counsel's authorized representation includes such proceedings.

2009 WL 838173 at *4.  Until the *Harbison* decision, this court's precedent denied appointment of federal counsel for post-habeas state clemency proceedings.  *See Clark v. Johnson*, 278 F.3d 459 (2002).

However, we do not read *Harbison* so broadly as to require the appointment of new counsel where the already-appointed counsel has never withdrawn from the case and is well familiar with the facts on which the petitioner claims his clemency petition should be based.  Reviewing the record, attorneys were appointed counsel to Rosales in April 2004 to file a successive habeas petition containing his *Atkins* claim.  As those attorneys have never withdrawn from the case, we agree with the State that Rosales had appointed counsel during the time in which he could have made an application to the Clemency Board.

Moreover, in reviewing the papers submitted to this court, we note that there is no assertion made that there is any additional evidence in support of Rosales's *Atkins* claim beyond that which was presented to the district court and Fifth Circuit in his habeas proceeding.  Rosales's motion asserts that there *might* be evidence of a pre-age eighteen onset of mental retardation to be uncovered with additional resources.  But beyond that speculative assertion, he does not specify what evidence might be uncovered that was not discovered during his habeas litigation.

Finding this case factually and procedurally distinguishable from *Harbison*, we find no abuse of discretion in the district court's denial of Rosales's motion for the appointment of counsel.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.