# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2010

Lyle W. Cayce
Clerk

No. 09-31034
Summary Calendar

BRYAN KEITH STANLEY, also known as Tim Fowler,

Plaintiff-Appellant

v.

OUACHITA CORRECTIONAL CENTER; ROYCE TONEY; MEDICAL STAFF OF OUACHITA CORRECTIONAL CENTER; JOHN DOE; JANE DOE; SHERIFF'S DEPARTMENT OUACHITA PARISH; POLICE JURY OF OUACHITA PARISH, Financial Commissioner; LOUISIANA STATE UNIVERSITY MEDICAL CENTER; CONWAY HOSPITAL; UNKNOWN DEPUTY, Maintenance for Ouachita Correctional Center; RICKY MARTIN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-863

Before REAVLEY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bryan Keith Stanley, former Louisiana prisoner # 2602323, proceeding pro se and in forma pauperis, filed a civil rights complaint against various defendants alleging that he was injured as a result of unsafe conditions at the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ouachita Correctional Center, that he was denied adequate medical care, and that the defendants failed to protect him from assaults perpetrated by inmates. On September 14, 2009, the district court issued a ruling and judgment dismissing Stanley's claims related to unsafe prison conditions and the defendants' failure to protect him from inmate violence. The district court remanded Stanley's inadequate medical care claim to the magistrate judge for further proceedings. On September 19, 2009, the magistrate judge issued a memorandum ordering that Stanley amend his complaint and provide specific factual allegations supporting his remaining claim. On October 21, 2009, Stanley filed a notice of appeal from the district court's September 14, 2009, judgment and the magistrate judge's September 21, 2009, memorandum order. The district court dismissed Stanley's denial of adequate medical care claim and entered a final judgment on January 12, 2010.

We must examine the basis of our jurisdiction sua sponte, if necessary. *Clark v. Johnson*, 278 F.3d 459, 460 (5th Cir. 2002), *abrogation on other grounds recognized by Rosales v. Quarterman*, 565 F.3d 308, 312 (5th Cir. 2009). The district court's September 14, 2009 judgment did not dispose of Stanley's denial of adequate medical care claim. Thus, neither it nor the magistrate judge's September 21, 2009 memorandum order was a final judgment for purposes of 28 U.S.C. § 1291. *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 350 (5th Cir. 2004). The appeal does not fit within any of the categories of appealable interlocutory orders listed in 28 U.S.C. § 1292, the district court did not certify the judgment for immediate appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and neither the district court's judgment nor the magistrate judge's memorandum order resolved issues separate from the merits that would be unreviewable on appeal from a final judgment. *See* § 1292; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Finally, although a premature notice of appeal may be deemed timely filed under Rule 4(a)(2) of the Federal Rules of Appellate Procedure, Stanley's appeal is not saved by that rule

because the district court had not finally disposed of all of the claims in the judgment from which Stanley appealed. *See FirsTier Mortgage Co. v. Investors Mortgage Co.*, 498 U.S. 269, 276 (1991); *United States v. Cooper*, 135 F.3d 960, 961-63 (5th Cir. 1998).  Therefore, we lack jurisdiction to consider the instant appeal.

Accordingly, Stanley's appeal is DISMISSED for lack of jurisdiction.